IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MINUTEMAN INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-C-223 |
| v. | ) | |
| NILFISK-ADVANCE A/S AND NILFISK, ADVANCE, INC. | ) | HONORABLE DAVID H. COAR |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court comes the motion by Defendants Nilfisk-Advance A/S and Nilfisk Advance, Inc. (collectively "Defendant") for attorney fees associated with a patent infringement case in which it prevailed. For the reasons set forth below, Defendant's motion is DENIED.

**I.  BACKGROUND**

Plaintiff Minuteman International, Inc. ("Plaintiff") unsuccessfully sued Defendant for patent infringement. Plaintiff alleged that Defendant infringed U.S. Patent No. 4,759,094 (the "'094 patent") by manufacturing and selling AquaMax floor scrubbing machines. The '094 patent, issued on July 26, 1988, relates to a carpet cleaning machine that sprays cleaning solution on the carpet, and vacuums up the spent (i.e., dirty) solution after the carpet is scrubbed. On September 23, 2004, this Court granted Defendant's motion for summary judgment. This Court agreed with Defendants that the AquaMax machine does not infringe Claim 1 of the '094 patent,

as various elements of Claim 1 are not present in the AquaMax. This Court also ruled that there is insufficient evidence to raise a genuine issue of material fact concerning whether the AquaMax infringes the '094 patent under the doctrine of equivalents. In that same order, however, this Court declined to rule on Defendant's motion for attorney fees and costs pursuant to 35 U.S.C. § 285. The Court set a briefing schedule to consider the Parties' arguments on the motion.

## II. LEGAL STANDARD

Determining whether to award attorney fees in a patent case takes place in two steps. First, because 35 U.S.C. § 285 (2005) provides that a court may award attorney fees only in "exceptional cases," the court must determine whether the case is exceptional. The prevailing party must establish the exceptional nature of the case by clear and convincing evidence. Second, the court must determine whether attorney fees are appropriate. This decision is within the discretion of the trial judge. See Evident Corp. v. Church & Dwight Co., Inc., 399 F.3d 1310, 1315 (Fed. Cir. 2005).

Exceptional cases are those involving "inequitable conduct before the [Patent Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; [or] a frivolous suit or willful infringement." Forest Laboratories, Inc. v. Abbott Laboratories, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (internal quotation marks omitted). "A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless." Haynes International, Inc. v. Jessop Steel Co., 8 F.3d 1573, 1579 (Fed. Cir.1993), rehearing granted on other grounds,15 F.3d 1076 (Fed. Cir. 1994).

When, as here, an accused infringer prevails in a patent case, an attorney fees award "is limited to circumstances in which it is necessary to prevent 'a gross injustice' to the accused infringer." Forest Laboratories, 339 F.3d at 1329 (internal citation omitted). In such cases, the Federal Circuit has "upheld findings of exceptionality to prevent such an injustice only when the patentee has procured its patent in bad faith (i.e., committed inequitable conduct before the Patent Office) or **has litigated its claim of infringement in bad faith," meaning in a vexatious, unjustified, or frivolous manner. Id. "Mere error [in concluding that a patent is infringed] does not approach the level of bad faith or gross negligence necessary to characterize a case as exceptional." Machinery Corp. of America v. Gullfiber AB, 774 F.2d 467 (Fed. Cir. 1985). But where "the patentee is manifestly unreasonable in assessing infringement** in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." Phonometrics, Inc. v. Westin Hotel Co, 350 F.3d 1242, 1246 (Fed. Cir. 2003) (quoting Eltech Systems Corp. v. PPG Industries, Inc., 903 F.2d 805, 811 (Fed. Cir. 1990)).

III.   ANALYSIS[1]

**Thus, the question before the Court is whether Plaintiff knew or should have known, on reasonable investigation, that its claim was baseless, but pursued its claim anyway.** Stated

---

[1] Plaintiff brings to this Court's attention the fact that, on appeal, the Federal Circuit denied Defendant's Motion for a Determination that Plaintiff-Appellant's Appeal is Frivolous and Was Bought in Bad Faith. The Federal Circuit's denial of Defendant's motion for sanctions on appeal is not as instructive to this Court as Plaintiff hopes. The standard for resolution of that motion was (a) whether a genuinely appealable issue existed and (b) whether Plaintiff engaged in misconduct in arguing the appeal. See State Industries, Inc. v. Mor-Flo Industries, Inc., 948 F.2d 1573, 1578 (Fed. Cir. 1991). As discussed in the previous section, the standard for the motion for sanctions currently before this Court is different.

alternatively, was Plaintiff manifestly unreasonable in assessing infringement? If so, Plaintiff has litigated in bad faith, and this case is exceptional such that an award of attorney fees to Defendant might be appropriate. Because Plaintiff enjoys a presumption that it asserted infringement of a duly granted patent in good faith, Defendant must present affirmative evidence of bad faith. See Springs Window Fashions LP v. Novo Industries, L.P., 323 F.3d 989, 999 (Fed. Cir. 2003).

Defendant argues that Plaintiff did not conduct reasonable investigation before filing suit and, had it done so, Plaintiff would have known its claim was baseless. According to Defendant, Plaintiff demonstrated "willful blindness" to how the AquaMax actually operates in bringing the suit. (Def.'s Reply in Support of Def's Mot. for Attorney Fees at 2.) Specifically, Defendant alleges that Plaintiff: (1) did not conduct a reasonable investigation before or after filing suit, especially in failing to examine a clear-sided AquaMax demonstration model provided by Defendant that showed how the machine worked; (2) spoliated the evidence upon which Plaintiff's case relied; (3) failed to present a non-frivolous infringement argument;[2] (4) changed its infringement theory after Defendant filed its Motion for Summary Judgment; (5) did not disclose material evidence about the operation of the AquaMax machine to its expert; and (6) forced its expert to rely on sketches he could not authenticate.

---

[2] The Court notes that this ground for an award of attorney fees has clearly been rejected by the Federal Circuit. Defendant alleges that Plaintiff "failed to present a non-frivolous infringement argument" since this Court found that none of the claim limitations were present in Defendant's machine. As noted above, however, "a party's success on the merits of an ultimate issue in a patent case does not automatically render a case 'exceptional' for purposes of the attorney fee statute." Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1367 (Fed. Cir. 2004).

Plaintiff supplies answers to each of Defendant's contentions. Plaintiff argues, for example, that it not only satisfied its pretrial investigatory obligations, but it continued to test the AquaMax (three times) during discovery. Plaintiff also notes that it did not consider the custom-made demonstration unit provided by Defendant the best evidence and, regardless, it could not test the unit because its counsel and expert were unavailable at the time. According to Plaintiff, there is no basis for concluding that this case is an exceptional one.

The Federal Circuit found the following cases exceptional: where the patentee continued to sue even after the court affirmed an adverse claim construction in a related case, Phonometics, Inc. v. Westin Hotel Co., 350 F.3d 1242 (Fed. Cir. 2003); where the patent holder engaged in misconduct before the court by falsifying his engineering notebooks, Aptix Corp. v. Quickturn Design Systems, Inc., 269 F.3d 1369 (Fed. Cir. 2001); and where the patentee failed to perform tests suggested by the alleged infringer, and its own tests did not establish infringement, and its own expert performed no tests concluding infringement had taken place, Eltech Systems Corp v. PPG Industries, Inc., 903 F.2d 805 (Fed. Cir. 1990).

By contrast, the Federal Circuit found following cases *not* exceptional: where counsel performed a good-faith, informed comparison of the asserted claims and where there was no evidence that the plaintiff unreasonably or vexatiously multiplied post-filing proceedings, MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369 (Fed. Cir. 2005); where the patent owner reasonably relied on several opinions of counsel and other experts, Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., 393 F.3d 1378 (Fed. Cir. 2005); where, even though it was revealed that the lotion contained an inconsequential amount of enzyme, the patent owner conducted an adequate pretrial investigation and had reason

to believe the patent was valid, Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1242 (Fed. Cir. 2003); even where the patentee had allegedly been negligent in failing to properly evaluate prosecution history, Deering Precision Instruments, L.L.C. v. Vector Distribution Systems, Inc., 347 F.3d 1314 (Fed. Cir. 2003); where there was no evidence of egregious misconduct during litigation or patent prosecution amounting to inequitable conduct, McNeil-PPC, Inc. v. L. Perrigo Co., 337 F.3d 1362 (Fed. Cir. 2003); even where the patentee failed to obtain favorable infringement opinion of counsel and instead based its allegations of infringement on rumor and speculation, Epcon Gas Systems, Inc. v. Bauer Compressors, Inc., 279 F.3d 1022 (Fed. Cir. 2002); even where there was slim evidence, from the appellate court's perspective, of the breadth of a patentee's pretrial investigation, Apple Computer, Inc. v. Articulate Systems, Inc., 234 F.3d 14 (Fed. Cir. 2000); where the plaintiff at least hired an expert and secured an opinion before trial, and had the expert testify at trial, Zodiac Pool Care, Inc. v. Hoffinger Industries, Inc., 206 F.3d 1408; and where the patentee had not engaged in fraud and had pursued litigation in the good-faith belief that the patent was valid, Argus Chemical Corp. v. Fibre Glass-Evercoat Co., Inc., 812 F.2d 1381 (Fed. Cir. 1987).

The instant case is, admittedly, a close one in that it shares qualities of the both exceptional and non-exceptional cases cited above. As in Eltech, Plaintiff did not test the AquaMax in the manner Defendant suggested (that is, by testing the clear-sided demonstration unit Defendant provided), preferring instead to test commercial machines as the best evidence. In addition, much like the tests conducted by the Eltech plaintiff failed to indicate infringement, Plaintiff's expert testified that he believed the AquaMax's recovery tank was completely enclosed in, not side-by-side with, the solution tank. That the AquaMax's tanks were not in

side-by-side relation was one reason this Court granted summary judgment in Defendant's favor.

On the other hand, as in the cases cited above that did not result in an award of attorney fees, Plaintiff's counsel performed a good-faith comparison of the AquaMax machine and the '094 patent. Plaintiff reasonably relied on this opinion. As demonstrated by Epcon, even where the opinion was founded on rumor the Federal Circuit has declined to impose attorney fees. In fact, Plaintiff could, under Zodiac Pool Care, prevail on Defendant's motion merely because Plaintiff hired an expert and secured an opinion before trial. Plaintiff was negligent in not following up to examine the clear-side demonstration unit once its counsel and expert were available (or in not insisting on their availability) and in failing to preserve the evidence upon which its case relied (the AquaMax machine it rented in order to investigate the infringement), but as Deering Precision Instructions showed, mere negligence is not sufficient for a finding that a case is exceptional. Finally, there has been absolutely no evidence of egregious misconduct, inequitable conduct, or fraud during this litigation–factors that weigh heavily against granting Defendant's motion.

In the least, the review of the recent Federal Circuit decisions demonstrates that the bar is high: The rare case is deemed exceptional. See Milgo Electronic Corp. v. United Business Communications, Inc., 623 F.2d 645, 667 (10th Cir. 1980) (stating that the award of attorney fees is "the exception and not the rule."). In addition, the burden in this inquiry is on the Defendant. The Court finds that Defendant has not proven by clear and convincing evidence that this case is "exceptional." Plaintiff conducted a reasonable, albeit imperfect, investigation of the Aqua Max machine. Plaintiff procured a machine from a commercial dealer, conducted tests to

see how it worked, and did so with its lawyer present. Plaintiff took pictures, removed the machine's bladder, and took more pictures. In addition, Plaintiff's counsel performed a claim construction analysis and infringement analysis. Although it does not appear that Plaintiff drew the best conclusions from its investigation, as evidenced by this Court's summary judgment ruling, nothing before this Court indicates that Plaintiff pursued its argument of infringement without a reasonable belief in the argument's merits. See Carroll Touch, Inc. v. Electro Mechanical Systems., Inc., 15 F.3d 1573 (Fed. Cir.1993). Although Plaintiff's case for infringement was **weak, Defendant has not proven that Plaintiff's conduct rose to the level of bad faith or that Plaintiff was "manifestly unreasonable" in assessing infringement. Phonometrics, 350 F.3d at 1246.**

In sum, the instant case is not an exceptional one warranting attorney fees. Indeed, even if the case were deemed exceptional, attorney fees are not available as a matter of right. See Consolidated Aluminum Corp. v. Foseco International Ltd., 910 F.2d 804, 814-15 (Fed. Cir. 1990) ("[N]ot every case deemed 'exceptional' must result in a fee award."); National Presto Industries, Inc. v. West Bend Co., 76 F.3d 1185, 1197 (Fed. Cir. 1996) ("[T]he award of attorney fees is not automatic, even for the extraordinary case."). Thus, even if the Court ruled that this case was exceptional, the Court would still refrain from awarding Defendant attorney fees as it is not clear that a "gross injustice" would befall Defendant otherwise. Forest Laboratories, 339 F.3d at 1329.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for attorney fees under 35 U.S.C. § 285 is DENIED.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **December 13, 2005**